Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Mark D. Kachner (SBN 234192)
mark.kachner@knobbe.com
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiff
MASIMO CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation, | Case No. 3:22-cv-4780 |
| Plaintiff, | **COMPLAINT FOR JUDICIAL REVIEW OF TRADEMARK TRIAL AND APPEAL BOARD DECISIONS** |
| v. | |
| PEAR THERAPEUTICS, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Masimo Corporation ("Plaintiff" or "Masimo") hereby complains of Defendant Pear Therapeutics, Inc. ("Defendant"), and alleges as follows:

## I.  JURISDICTION AND VENUE

1.      This is an action for judicial review of decisions of the Trademark Trial and Appeal Board ("TTAB") pursuant to 15 U.S.C. § 1071(b).

2.      The Court has subject matter jurisdiction over the appeal of the final decisions of the TTAB pursuant to 15 U.S.C. § 1071(b)(1).

3.      This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within California.  Upon information and belief, Defendant sells, advertises, markets and promotes its products in California, including in this Judicial District and has a place of business in this Judicial District.  Defendant has partnered with several medical clinics and treatment facilities for sales of its products in California, including in this Judicial District.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District by virtue of having a place of business within the Judicial District.

## II.  THE PARTIES

5.      Masimo is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 52 Discovery, Irvine, California 92618.

6.      Upon information and belief, Defendant Pear Therapeutics, Inc. is a corporation organized and existing under the laws of the State of Delaware, having principal places of business at 200 State Street, 13th Floor, Boston, Massachusetts 02109 and 201 Mission Street, San Francisco, California 94105.

Complaint

### III.  COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

#### A.   Masimo and Its Trademarks

7.     Masimo, founded in 1989, is a nationwide leader in the business of developing, marketing, selling, and distributing noninvasive monitoring technologies including software, monitors, and sensors bearing its SET® mark. Masimo developed advanced technologies that revolutionized the pulse oximetry industry by enabling a pulse oximeter to read through motion and low perfusion (weak pulse).  Masimo called the technology it developed Signal Extraction Technology or "SET."  Masimo's SET-branded technology provided a critical breakthrough for many of the sickest and most vulnerable patients.

8.     Since introducing its first monitors and sensors in the mid-1990s, Masimo has grown from a "garage" start-up to a publicly traded company with over 2,000 full-time employees and approximately 4,200 dedicated contract personnel worldwide.  Masimo sells millions of sensors per year and estimates that Masimo's SET® technology is used to monitor over 100 million patients per year.  Masimo also sold approximately 2.2 million monitors and circuit boards during the last 10 years.  In 2021, Masimo's sales volume was over $1.2 billion.

9.     In 1994, Masimo launched its SET® line of monitors and sensors. Masimo's SET® technology is the foundation upon which Masimo has based all of its industry-leading monitoring technologies and inventions.  Masimo's SET-branded monitors come in various sizes for use within hospitals, surgery suites, recovery rooms, urgent care facilities, medical facilities, a physician's office, or in a person's home, as well as handheld units for mobile "spot checking" of a person's health.

10.     In addition to pulse oximetry ("SpO2"), some of Masimo's SET-branded devices can also measure and monitor one or more the following parameters that previously required invasive procedures (*i.e.*, blood drawn from a patient):

- <u>SpHb (Total Hemoglobin)</u> – during surgery, labor and delivery, and in post-operative settings, measures continuous hemoglobin levels to determine if a person has internal bleeding and needs blood transfusion; also used to determine if too much blood was transfused; monitors to prevent the person dying from internal bleeding;

- <u>SpOC (Oxygen Content)</u> – monitors how much oxygen is in the blood;

- <u>SpCO (Carboxyhemoglobin)</u> – used to detect whether a person has carbon monoxide poisoning; used in the emergency room and by medical personnel and firefighters in the field;

- <u>PR (Pulse Rate)</u> – measures and monitors a person's pulse rate;

- <u>SpMet (Methemoglobin)</u> – measures whether a person's tissues are absorbing the right amount of oxygen; determines if a person is anemic;

- <u>PVI (pleth variability index)</u> - measures and monitors the level at which persons can be infused with fluids; prevents over-infusing persons during surgeries, in particular traumatic surgeries or C-sections, which could cause organ damage; and

- <u>Perfusion Index</u> – index reports how well perfused a person is; the higher the number on the index, the better perfused the person.

11.    Masimo's successful SET® technology has grown to include numerous other well-known products bearing marks which incorporate a "SET" element.  Masimo develops, manufactures and markets consumer and patient monitoring technologies and related products and services under the marks RD SET®, RD RAINBOW SET®, RD RAINBOW LITE SET® and RAINBOW SET® (collectively with the mark SET® hereinafter referred to as the "SET Marks").

12.    Masimo's RAINBOW SET® technology enables additional non-invasive parameters, including:

- <u>SpHb (Total Hemoglobin)</u> – measures continuous hemoglobin levels, which, along with other signs and symptoms, may indicate that a person

has internal bleeding or needs blood transfusion;

- SpCO (Carboxyhemoglobin) – measures carboxyhemoglobin levels, which may indicate carbon monoxide exposure;

- Oxygen Content (SpOC) - measures a patient's oxygenation status by combining noninvasive and continuous measurement of both hemoglobin and oxygen saturation levels;

- Methemoglobin (SpMet) - measures methemoblogin in blood;

- Acoustic Respiration Rate (RRa) - continuous monitoring of respiration rate.

13.    Masimo is the owner of the following SET-formative U.S. trademark registrations (collectively "Masimo's Registrations"):

| MARK | REG. NO. | CLASS / GOODS | REG. DATE |
|---|---|---|---|
| SET | 1941315 | **9:** Electronic sensors and monitors for extracting signals from data containing noise<br>**10:** In vivo patient monitors and sensors for detecting a physiological condition | 12-Dec-1995 |
| RD RAINBOW LITE SET | 5470331 | **10:** Medical devices, namely, patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain function or respiratory properties | 15-May-2018 |
| RD SET | 5839916 | **10:** Medical devices, namely, patient monitors and patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain function or respiratory properties | 20-Aug-2019 |
| RD RAINBOW SET | 5839915 | **10:** Medical devices, namely, patient monitors and patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain | 20-Aug-2019 |

| MARK | REG. NO. | CLASS / GOODS | REG. DATE |
|---|---|---|---|
| | | function or respiratory properties | |
| RAINBOW SET | 5874515 | **10:** Medical devices, namely, patient monitors and patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain function or respiratory properties | 01-Oct-2019 |

14.     Masimo offers a range of monitors that incorporate its SET® and RAINBOW SET® technology.  Masimo's ROOT® device serves as a hub for connecting, viewing and distributing measured health information.  Masimo's RADICAL-7® and RADIUS-7® monitors that integrate Masimo's SET® and RAINBOW SET® technology dock to the ROOT® monitor.  Other parties' monitoring devices can also connect to Masimo's ROOT® device.  Masimo's health measurements and parameters, including pulse and respiratory rates, blood pressure, Pleth Variability Index (PVI), Perfusion Index (PI), blood oxygen level (SpO2), brain function monitoring and capnography, are viewed on the ROOT device's screen, or can be transmitted for viewing on a tablet or mobile phone (*e.g.*, Apple, Android).

15.     Examples of Masimo's use of its federally registered SET® Marks are shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Complaint





Complaint



16.     Masimo also offers multiple mobile monitoring solutions that leverage Masimo's SET® and RAINBOW SET® technology.

17.     Masimo's SET® technology is also available in consumer-focused devices.  Masimo's iSpO2® monitor connects a finger sensor to a smart device (*e.g.*, iPhone, iPad or Android device) that displays pulse rate, Perfusion Index (PI) and oxygen saturation (SpO2).  The iSpO2® monitor tracks the wearer's biometrics for health and fitness training purposes, and relaxation management. Masimo's MightySat® personal monitor is similar to the iSpO2® monitor, except that it is self-contained.  The MightySat® also connects to a smart device (*e.g.*, Apple, Android) through a mobile application, and transmits biometric data via Bluetooth for the wearer to track trends in their fitness training and relaxation management.   The MightySat® monitor measures pulse and respiratory rates, and provides Perfusion Index (PI), Pleth Variability Index (PVI), and oxygen saturation (SpO2) parameters.

18.     Masimo's personal health monitors incorporating its SET® technology are available to all consumers on Masimo's website, as well as from Amazon.

19.     Interoperability among patient monitors and other hospital devices is critical for comprehensive monitoring and facilitating a comprehensive medical record.  Masimo's ROOT® monitor supports connections with Masimo's products

and many third-party devices (e.g., ventilators, pumps) using connectivity ports. Medical and health information collected using Masimo's SET® technology and third-party devices can be displayed and transmitted by Masimo's ROOT® product.  This facilitates a comprehensive electronic medical record (EMR).

20.  Masimo also licenses its SET® technology, and other patient monitoring parameters and indexes to other monitor companies, including GE, Philips and Welch Allyn.  These third-party monitors prominently display Masimo's SET® mark when they include Masimo's technology.

21.  Masimo has a number of mobile applications that are used to collect and display the health parameter data from Masimo's SET® technology, as well as to report the data to others.  Masimo's "Masimo Professional Health" mobile app connects to Masimo's MightySat Rx device.  The mobile app also allows the user to keep track of trends in the parameter data collected by Masimo's SET® technology, as well as share the data with others, including doctors, clinicians, family or friends.  Masimo also has a parallel "Masimo Personal Health" mobile app that is sold with the consumer version of the MightySat® device, as well as the iSpO2® device, that both use Masimo's SET® technology and can integrate with Apple's HealthKit software.  Masimo's SET® trademark prominently appears on the splash screens for both mobile apps.  Masimo also offers a mobile app titled "Masimo SafetyNet" that is downloadable to tablets and mobile phones for use with Masimo's monitoring devices that incorporate its SET® technology.

**B.    Monitoring Opioid Induced-Symptoms with Masimo's SET® Technology**

22.  Masimo specifically markets its SET® technology to monitor persons prescribed with opioids.  Opioids can reduce or even stop a person's breathing, adversely affecting that person's blood-oxygen level, which can cause brain damage or death.  By utilizing Masimo's monitors and sensors, if the person's breathing slows or stops, or the blood-oxygen levels decrease, the

-9-

monitor will send an alarm to medical personnel overseeing the patient.  The medical personnel can then provide immediate care to restore the patient's breathing and increase the blood-oxygen levels, averting detrimental effects to the person and avoiding death.

23.     In 2018, the U.S. Food and Drug Administration's ("FDA") created an "Innovation Challenge" to "focus on encouraging medical product innovation to prevent new cases of opioid abuse and addiction and to treat those addicted," with the intent to "spur the development of medical devices, including diagnostic tests and digital health technologies (mobile medical applications) to help combat the opioid crisis and achieve the goal of preventing and treating opioid use disorder."  Over 250 companies participated in the challenge.  Only Masimo and seven other companies were selected.  The FDA tasked Masimo with developing a new solution using its SET technology in the "overdose therapy" category.

24.     In May 2019, in response to the FDA's "Innovation Challenge," Masimo announced a new monitoring device specifically designed to monitor persons using opioids.  This new solution, utilizing Masimo's SET® technology, consists of a pulse oximetry sensor that connects to the person's finger.  Signals are then transmitted to the monitor affixed to the person's wrist, which processes and transmits the data wirelessly to a bedside hub.  The hub then transmits the data to mobile devices for caregivers (*e.g.*, family, friends, doctors, nurses, etc.) to monitor the person using opioids.  Leveraging Masimo's SET® technology, Masimo designed this device specifically for monitoring those at risk of adverse opioid symptoms.   Masimo is seeking FDA clearance to market this device as an over-the-counter monitor that can be used by persons using opioids in postoperative care, for chronic pain, or those who use them illicitly (*e.g.*, fentanyl, heroin).

25.     Masimo also sells and distributes a device called BRIDGE™ that helps with opioid withdrawal.  The BRIDGE™ device is placed behind a person's

ear and through neuromodulation, helps reduce the symptoms of opioid withdrawal. The BRIDGE™ device works alongside Masimo's monitors incorporating its SET® and RAINBOW SET® technology to facilitate recovery from opioid withdrawal. Masimo's BRIDGE™ device is used in several recovery clinics, including the Betty Ford Clinic.

26.    As a result of Masimo's substantial use and promotion of its SET® Marks, these marks have acquired great value as specific identifiers of Masimo's products and serve to identify and distinguish Masimo's products from those of others.

**C.    Defendant**

27.    Defendant is engaged in the business of producing, distributing, marketing, and/or selling "software-based medicines" called prescription digital therapeutics ("PDT") using the reSET and reSET-O marks. For example, Defendant describes its "reSET" software as "a 90-day PDT for Substance Use Disorder (SUD) intended to provide cognitive behavioral therapy (CBT), as an adjunct to a contingency management system, for patients 18 years of age and older who are currently enrolled in outpatient treatment under the supervision of a clinician."

28.    Upon information and belief, Defendant always displays the reSET and reSET-O marks in written materials with "re" in lowercase letters and emphasizing the letters "SET" in uppercase, as reproduced below.

 

29.    Upon information and belief, Defendant's software is sold or distributed to, recommended to, and prescribed by doctors and clinicians, as well as therapists. Supervising doctors, clinicians and therapists access Defendant's reSET or reSET-O branded software-based platform (or dashboard) to review and

-11-

evaluate the data provided by the patient using the software.

30.      Upon information and belief, Defendant markets its software through its websites and direct sales to physicians, therapists, clinicians, counselors, and counseling centers who treat patients with substance or opioid use disorder.

31.      Without permission or consent from Masimo, Defendant has sold and is offering for sale, including on the Internet, software bearing marks that are identical or highly similar to Masimo's SET Marks.  Examples of Defendant's software displaying the reSET and reSET-O marks are shown below:







32.     Upon information and belief, Defendant was aware of Masimo and its SET Marks when Defendant commenced using its reSET and reSET-O marks.

**D.     Proceedings Between The Parties Before The TTAB**

33.     On September 10, 2019, Masimo filed consolidated Opposition No. 91250967 in the TTAB against the following applications filed by Defendant:

| MARK | SERIAL NO. | CLASS / GOODS AND SERVICES | DATE FILED |
|---|---|---|---|
| *reSET* | 87925174 | **Class 9:** software for the treatment of | 17-May- |

-13-

| MARK | SERIAL NO. | CLASS / GOODS AND SERVICES | DATE FILED |
|---|---|---|---|
| | | substance use disorder, namely, software for collecting information and data from and for delivering information and therapy to patients with substance use disorder **Class 42:** software as a service (SAAS) services featuring software for the treatment of substance use disorder, namely, software for healthcare providers to access and analyze information and data from and to provide information and therapy to patients with substance use disorder | 2018 |
| reSET-O | 87925189 | **Class 9:** software for the treatment of opioid use disorder, namely, software for collecting information and data from and for delivering information and therapy to patients with opioid use disorder **Class 42:** software as a service (SAAS) services featuring software for the treatment of opioid use disorder, namely, software for healthcare providers to access and analyze information and data from and to provide information and therapy to patients with opioid use disorder | 17-May-2018 |
| RESET-O | 87925200 | **Class 42:** software as a service (SAAS) services featuring software for the treatment of opioid use disorder, namely, software for healthcare providers to access and analyze information and data from and to provide information and therapy to patients with opioid use disorder | 17-May-2018 |

-14-

34.     On March 18, 2020, Masimo filed Cancellation No. 92073785 in the TTAB against the following registrations owned by Defendant:

| MARK | REG. NO. | CLASS / GOODS AND SERVICES | REG. DATE |
|---|---|---|---|
| RESET | 5138595 | **Class 9:** software for the treatment of substance use disorder | 07-Feb-2017 |
| RESET-O | 5740689 | **Class 9:** software for the treatment of opioid use disorder, namely, software for collecting information and data from and for delivering information and therapy to patients with opioid use disorder | 30-Apr-2019 |

35.     The opposition and cancellation proceedings identified in paragraphs 33–34 were decided separately by the TTAB.

36.     Masimo alleged in the opposition and cancellation proceedings that Defendant's marks were likely to cause confusion with Masimo's trademark registrations, including U.S. Trademark Registration No. 1,941,315 for the mark SET® in connection with "electronic sensors and monitors for extracting signals from data containing noise" in Class 9 and " in vivo patient monitors and sensors for detecting a physiological condition" in Class 10, and U.S. Trademark Registration No. 5,839,916 for the mark RD SET® in connection with "medical devices, namely, patient monitors and patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain function or respiratory properties." in Class 10.

37.     Masimo asserted other trademark registrations in the opposition and cancellation proceedings identified in paragraphs 33–34.  However, the TTAB only considered Masimo's trademark registrations for SET® and RD SET® and Masimo's common law rights in the mark SET® in deciding whether there is a likelihood of confusion caused by Defendant's marks.  The TTAB found that Defendant's marks were not likely to cause confusion with Masimo's asserted

-15-

SET® and RD SET® marks.

38.     On June 17, 2022, the TTAB issued an Order denying Masimo's petition to cancel Defendant's reSET and reSET-O registrations on the grounds that there is not a likelihood of confusion between these marks and Masimo's asserted SET® and RD SET® marks, although it stated in its Order that "[Masimo's] SET marks are inherently strong."  Attached hereto as Exhibit A is a true and correct copy of the TTAB's June 17, 2022 decision.

39.     On June 27, 2022, the TTAB issued an Order dismissing Masimo's opposition against Defendant's applications for the  **reSET** ,  **reSET-O** and reSET-O marks on the grounds that there is not a likelihood of confusion between these marks and Masimo's asserted SET and RD SET marks, although it stated in its Order that "[Masimo's] SET marks are inherently strong."  Attached hereto as Exhibit B is a true and correct copy of the TTAB's June 27, 2022 decision.

40.     The review by this Court of the TTAB's decision is *de novo*, and Masimo has the right and ability to submit new evidence in this case that was not in the TTAB record.

41.     The TTAB found several important factors in Masimo's favor. Specifically, the TTAB found that: (1) "[Masimo's] SET-formative marks are inherently strong in connection with the sensors and monitors used in the medical field" (Exhibit A at p. 25); (2) the appearance and sound of  "[Masimo's] SET mark is similar to [Defendant's] RESET and RESET-O marks which incorporate [SET]" (Exhibit A at p. 31); and (3) " there is the possibility that software for the treatment of opioid and substance abuse disorders may be found in other trade channels" (Exhibit A at p. 43).  Nevertheless, the TTAB decided there was not a likelihood of confusion.

42.     The TTAB's balancing of the likelihood of confusion factors it considered, and its determination as to some of the factors, were legally incorrect.

The following are some examples of errors made by the TTAB.

43.    The TTAB erred, for example, in determining that Masimo did not own national common law trademark rights in connection with its SET® mark in connection with software.  Masimo submitted evidence that it uses its SET® mark in connection with proprietary software algorithms incorporated in Masimo's products, as well as Masimo's mobile software applications.  Masimo also submitted evidence that it licenses its SET-branded proprietary software algorithms and circuit boards to other medical device manufacturers who notify their customers that their products contain Masimo's SET-branded technology by prominently displaying Masimo's SET® mark on their products.

44.    Furthermore, the TTAB erred by not considering all of Masimo's SET-containing marks in the likelihood of confusion analysis.  Masimo submitted evidence that it owns federally registered and common law trademark rights in the marks SET®, RD SET®, RAINBOW SET®, RD RAINBOW LITE SET® and RD RAINBOW SET®.  The TTAB considered Masimo's SET® and RD SET® marks only.  The TTAB did not take into consideration that Masimo owns a series of SET-containing marks that are well known to the relevant consumers.  Consumers familiar with Masimo's SET Marks, when viewing Defendant's reSET and reSET-O marks, would mistakenly assume that the reSET and reSET-O marks are new additions to Masimo's series of SET-containing marks.

45.    As another example, the TTAB erred in determining that Masimo's goods sold and distributed with Masimo's SET Marks are unrelated to Defendant's software branded with the reSET and reSET-O marks.  As mentioned above, the TTAB did not consider Masimo's use of its SET Marks in connection with software.  Also, Masimo's goods are used to monitor and treat patients, including those prescribed or using opioids, which relate to the treatment software identified in the Defendant's applications and registrations challenged by Masimo.  Masimo also uses its SET® mark in connection with products and

software sold, distributed and used by general consumers to monitor their health, including general consumers who are using Defendant's reSET and reSET-O software.

46.     The TTAB also erred in determining that the parties' goods travel in different channels of trade and are sold and used by different classes of purchasers.  Masimo markets, sells and distributes its products bearing its SET Marks to medical personnel to use in monitoring and treating patients in medical settings or at home, as well as to general consumers for personal use.  Persons using Masimo's products bearing the SET Marks include those that are prescribed or illegally using opioids.  Masimo also offers its mobile software applications to general consumers through Apple's and Google's mobile application stores.  Similarly, Defendant sells and distributes its software to medical personnel in medical settings and at home to treat patients for substance or opioid use disorders.  The patients also download Defendant's reSET and reSET-O software from Apple's and Google's mobile application stores.  Masimo and Defendant use the same or related channels of trade and market to the same or similar classes of purchasers.

47.     The TTAB also erred in determining that the level of sophistication and conditions of purchase favor a finding of no likelihood of confusion.  Masimo sells and distributes its goods bearing the SET Marks to medical personnel.  Medical personnel are familiar with Masimo's series of SET Marks.  Medical personnel also know that other companies license Masimo's SET® technology and incorporate it into their medical devices.  Medical personnel are therefore accustomed to seeing Masimo's SET® mark in connection with a variety of goods used to monitor and treat patients.  Even if medical personnel are sophisticated purchasers, they are not immune to consumer confusion.  Given that Defendant's marks are nearly identical to Masimo's SET Marks, especially with "SET" in reSET and reSET-O displayed in all capital letters, and that medical personnel are

-18-

accustomed to seeing Masimo's SET® mark on a variety of goods, Defendant's marks will lead medical personnel to mistakenly believe that Defendant's software originates from Masimo or incorporates Masimo's SET® technology.  In addition, general consumers who download and use Masimo's mobile software applications that use SET® technology will mistakenly believe that Defendant's software offered in the same mobile application stores also contains Masimo's SET® technology.

48.     The errors described in this Complaint are not meant to be an exhaustive list, but rather to provide information regarding this appeal.  Masimo reserves its right to submit new evidence on any relevant subject matter and to seek judicial review of any aspect of the TTAB decision in this matter.

## IV.  **FIRST CLAIM FOR RELIEF**
### **(Judicial Review of TTAB Decisions)**

49.     Masimo hereby repeats, realleges and incorporates by reference paragraphs 1–48 of this Complaint as though fully set forth herein.

50.     The Trademark Trial and Appeal Board erroneously concluded that Defendant's reSET mark in connection with "software for the treatment of substance use disorder" in Class 9, and reSET-O mark in connection with "software for the treatment of opioid use disorder, namely, software for collecting information and data from and for delivering information and therapy to patients with opioid use disorder" in Class 9 are not likely to be confused with Masimo's SET® mark in connection with "electronic sensors and monitors for extracting signals from data containing noise" in Class 9 and "in vivo patient monitors and sensors for detecting a physiological condition" in Class 10, RD RAINBOW LITE SET® mark in connection with "medical devices, namely, patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain function or respiratory properties" in Class 10, and RD SET®, RD RAINBOW SET®, and RAINBOW SET® marks in connection with "medical devices,

namely, patient monitors and patient sensors for monitoring and measuring blood properties, tissue properties, pulse rate, brain function or respiratory properties" in Class 10.

51.   The final decisions of the Trademark Trial and Appeal Board in Opposition No. 91250967 and Cancellation No. 92073785 should be reversed and vacated, and an order should be entered directing the USPTO to cancel Defendant's U.S. Trademark Registration Nos. 5740689, 5138595 and 6190252, and refuse registration of U.S. Serial Nos. 87/925174, 87/925189 and 87/925200.

## V.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Masimo prays for judgment as follows:

That the Court reverse the Order of the Trademark Trial and Appeal Board in *Masimo Corporation v. Pear Therapeutics, Inc.*, Cancellation No. 92073785, dated June 17, 2022, denying Masimo's petition to cancel registration of Defendant's reSET and reSET-O marks as shown in U.S. Trademark Registration Nos. 5138595 and  5740689, and issue an Order instructing the USPTO to cancel U.S. Trademark Registration Nos. 5138595 and 5740689;

That the Court reverse the Order of the Trademark Trial and Appeal Board in *Masimo Corporation v. Pear Therapeutics, Inc.*, Opposition No. 91250967, dated June 27, 2022 denying Masimo's opposition of Defendant's   **reSET** , **reSET-O** , and reSET-O marks as shown in U.S. Trademark Application Serial Nos.  87/925174, 87/925189, and 87/925200, and issue an Order instructing the USPTO to deem U.S. Trademark Application Serial Nos. 87/925174, 87/925189, and 87/925200 refused and abandoned; and

That Masimo be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  August 19, 2022        By:  /s/ *Steven J. Nataupsky*
                                    Steven J. Nataupsky
                                    Mark D. Kachner

                               Attorneys for Plaintiff,
                               MASIMO CORPORATION

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Masimo Company hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  August 19, 2022        By:  /s/ Steven J. Nataupsky
                                   Steven J. Nataupsky
                                   Mark D. Kachner

                                   Attorneys for Plaintiff,
                                   MASIMO CORPORATION

25729586

-22-